UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paris Deleon Bookert, | ) | C/A No. 5:14-190-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Willie Eagleton, and | ) | |
| Brian Stirling, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Paris Deleon Bookert ("Plaintiff") alleges that he has been denied medical treatment at Evans Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system, for a condition that makes his posture bend to the right. He also alleges that he receives inadequate access to the law library and inadequate outdoor exercise and that the Evans grievance system works poorly. Compl. 3-6, ECF No. 1. Plaintiff names the warden of the institution and the Director of SCDC as Defendants, and he seeks injunctive relief. *Id.* at 2, 5-6.

Regarding exhaustion of administrative remedies, Plaintiff alleges in his Complaint that he received the "final agency . . . answer" to his grievance on "1-9-14." *Id.* at 2. However, he attaches to his Complaint a copy of an unprocessed Step 1 grievance form that he signed and dated "1-7-14,"

which shows that the "IGC [likely an abbreviation for Inmate Grievance Counselor]" at Evans reviewed the form and returned it unprocessed on "1-9-14." ECF No. 1-1. The subject matter of that grievance form is the medical care issue raised in the Complaint under review. *See id.* Nothing in the attached grievance form references other issues Plaintiff raises in his Complaint regarding the law library, recreational time, or the non-working grievance system. Plaintiff does not attach any other grievance forms to the Complaint.

The "ACTION TAKEN BY IGC" portion of the attached grievance form indicates that the grievance was not processed because Plaintiff had not attached the required Request to Staff form ("RTS") signed by "appropriate supervisor/staff." ECF No. 1-1. Plaintiff asserts in his Complaint that he submitted a RTS to the Evans Medical Department in "Nov. 2013" and waited for a response, but never received one before submitting the Step 1 grievance form in January 2014. *Id.*, Compl. 3. The Complaint under review was submitted to this court on January 15, 2014, approximately one week after the date of IGC's response to the unprocessed Step 1 grievance form. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). There is nothing in any of the documents submitted by Plaintiff showing that he ever succeeded in having the Step 1 grievance form processed. Further, Plaintiff has not provided any indication that he fully completed the SCDC administrative remedy process by fully pursuing a Step 2 grievance as to each of the issues he seeks to raise in this case.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996,

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

3

as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court (such as answers to special interrogatories), sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

Specifically, the current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal RTS. The SCDC written inmate grievance policy does not provide a time limit for the staff member's response to the RTS submission. *See* SCDC Policy/Procedure GA-01.12 §13.2 (Oct. 1, 2010, as amended by "Change 2, dated March 9, 2013"). However, the policy does provide time limitations for the warden at the prisoner's institution to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id* §§ 13.3-13.7. The decision of the "responsible official" who answers the Step 2 grievance is SCDC's final response in the matter. *Id.* § 13.7.

In this case, Plaintiff's failure to fully exhaust the SCDC grievance process (informal

resolution, Step 1, and Step 2) regarding the problems he alleges regarding medical care, outdoor recreation, law library access, and the Evans grievance system is clear on the face of the pleadings and requires summary dismissal. Despite Plaintiff's indication in his Complaint that he had received the agency's final response, the document attached to his Complaint shows that this is not the case. Rather, the document he supplied indicates Plaintiff appears to be at the RTS-stage of the grievance process as to all issues raised in the Complaint. Although Plaintiff did attempt to file a Step 1 grievance about the medical issue, nothing in the Complaint or attachment thereto shows any effort to exhaust SCDC administrative remedies with regard to any of the other issues he raises in his Complaint.

Although Plaintiff alleges that he waited a considerable length of time for a response from Evans medical staff to his RTS before submitting the Step 1 grievance that was returned to him unprocessed, the SCDC grievance policy requires attachment of a staff-signed RTS to all Step 1 grievances and places no time limitation on the person who is supposed to sign off on the RTS. Thus, Plaintiff could not just ignore the RTS requirement when the form was not responded to within the time he felt was sufficient. Instead, as to each issue raised in the Complaint, he was required to submit a RTS to the appropriate staff member and wait for return of the signed RTS before submitting Step 1 grievances. Then, if an unsatisfactory response was received to any processed Step 1 grievance, a Step 2 grievance would have to be fully pursued before the court could say that Plaintiff exhausted his administrative remedies with regard to the grieved issue(s). *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (" 'to exhaust administrative remedies, a person must follow the rules

governing filing and prosecution of a claim,' including the prison's rules for filing an appeal." (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). The court is not required to keep a case in this posture on its docket while the plaintiff pursues administrative exhaustion; rather, the court should dismiss such premature cases without prejudice. *See Woodford v. Ngo,* 548 U.S. at 84-85; *Ballenger v. Barkley*, No. Civ. A.6:03-3333-27AK, 2004 WL 3312009, * 3 (D.S.C. July 27, 2004).

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

March 11, 2014                                                          Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).